*In the matter of the Petition of* JOHN E. CARR, *for a Writ of Habeas Corpus.*

COAL MINE—*Location and Survey.* Chapter 127 of the Laws of 1877 does not authorize a survey by order of a district court of that part of a mine which is located beyond the state line, in the state of Missouri, even though the only means of access thereto is by a deep shaft located in Kansas.

*Original Proceeding in Habeas Corpus.*

THE opinion herein, filed on February 9, 1894, states the material facts.

*Lucien Baker,* and *William C. Hook,* for petitioner.

*J. H. Gillpatrick,* for respondent.

The opinion of the court was delivered by

ALLEN, J.: Daniel Leahy presented to the district court of Leavenworth county his affidavit, alleging that he was the

owner of the southeast quarter of section 1 and the northeast quarter of section 12, in township 52, range 36, in Platte county, Missouri; that he had good reason to and did verily believe that the Leavenworth Coal Company, a corporation doing business under the laws of Kansas, within Leavenworth county, was, without authority, mining and taking coal from said lands through its shaft and mine situated in the county of Leavenworth, and asking an order directing the county surveyor of Leavenworth county to survey the mine for the purpose of ascertaining the truth as to such encroachment. Thereupon the court, under the provisions, as it is claimed, of chapter 127 of the Laws of 1877, made an order as prayed for, directing F. C. Waite, county surveyor, to forthwith survey the mine, and to file his report thereof with the clerk of the court. The county surveyor attempted to make a survey of the mine in pursuance of the order of the court, but was prevented from so doing by the petitioner, John E. Carr, who is the president of said coal company. Thereupon a complaint was filed by Waite, under § 5 of said act, charging the petitioner with interfering, molesting and hindering said surveyor in making such survey, and the petitioner was thereupon arrested by the sheriff of Leavenworth county. He seeks to be discharged from his restraint under a writ of *habeas corpus*, issued out of this court.

It is claimed that the act of the legislature under consideration is unconstitutional, and also that it appears on the face of the affidavit of Leahy that the property on which it is claimed the coal company is trespassing is situated in Missouri, and is therefore beyond the jurisdiction of the courts of Kansas. We perceive no good reason for holding the act unconstitutional so far as it applies to property in Kansas. Without such acts, courts have authorized the inspection of mines located on neighboring lands in which the plaintiff had no interest. (*Lewis v. Marsh*, 8 Morr. Min. Rep. 14; *Bennitt v. Whitehouse*, 28 Beav. 119.) A more serious difficulty however arises from the fact that the complainant's lands are located in Missouri, beyond the jurisdiction of the district court

of Leavenworth county, and outside of the territory in which the county surveyor is an official. The complaint, upon its face, shows, not only that the land from which it is alleged the coal company is mining coal is across the state line, but it is conceded that other lands lie between those described in the complaint and the state line. It is of course on the other side of a navigable stream, the Missouri river. Does such an affidavit furnish any ground for action on the part of the district court under the statute? Can the court authorize the county surveyor to make a survey in Missouri as an official of Kansas? Both these questions must be answered in the negative. It is elementary that the statutes of a state can have no extra-territorial force. The title of the act above mentioned is, "An act to authorize the granting of injunctions restraining the mining of coal by unauthorized persons on the lands of another, and to authorize the county surveyor to survey coal mines to ascertain the facts in relation thereto." The remedy afforded by the act is an injunction. The survey is merely preliminary, and for the purpose of ascertaining whether a cause of action exists. We realize the practical difficulty in the way of Leahy in finding out whether his rights are in fact invaded, because of the depth under the surface at which the mine is worked. But whatever these difficulties may be, it is clear that the courts and officers of Kansas cannot invade the soil of Missouri for the purpose of gaining information concerning trespasses supposed to be committed on property situated there. The fact that access is gained through an underground passageway by the trespassers does not have the effect to draw that part of the mine which is located in Missouri under the jurisdiction of the courts and officers of Kansas. Nor is a fruitless survey, necessarily ending at the state line, authorized by the statute. As to the equitable powers of the district court in a case in which it has jurisdiction over the person of the coal company to restrain by injunction continuing trespasses on the lands of the defendant, and to grant leave to take testimony within or without the state, above or below ground, with reference

to the acts of the company, we express no opinion, because no such question is before us. We are clear, however, that the affidavit presented failed to show a case calling for any action on the part of the district court; that the order of the district court based thereon was void, and conferred no right on the county surveyor to enter the mine. It follows, therefore, that the restraint of the petitioner is unlawful, and he must be discharged.

HORTON, C. J., concurring.

JOHNSTON, J.: I concur in the view that a survey cannot be ordered or compelled in territory outside of the state, but I do not desire to express any opinion upon the other objections made to the validity of chapter 127 of the Laws of 1877.